Matthias, J.
A demurrer to the petition in this action was heretofore overruled. The opinion of *305 the court appears in 103 Ohio St., 546, where the facts are fully stated. The question now before us is presented by a demurrer to the second defense of the answer of the defendant Beaman, auditor of Hamilton county, which challenges the constitutionality of the provisions of the statute upon which relator bases his suit for a writ of mandamus, being Sections 1815 to 1815-10, General Code, frequently referred to as the “pay-patient law.”
The specific question presented by this demurrer is whether such law is violative of Section 1, Article YII of the Constitution of Ohio, or of the Fourteenth Amendment to the Constitution of the United States. Probably the best reason for the assertion of the claim here that rights of the defendant, or of Hamilton county, under the federal constitution are invaded by the legislation in question appears in the last paragraph in the brief of counsel for defendants, where it is stated: “We are not anticipating the action of this Court but because of the decisions of the Supreme Court of the United States that a Federal question cannot be raised for the first time after judgment in the trial court, we have suggested that such a conclusion would be violative of the Federal Constitution.”
That the issuance of a peremptory writ of mandamus as prayed for would not result in a denial of the equal protection of the law, or in the taking of property without due process of law, within the purview of the Fourteenth Amendment of the Federal Constitution, we think would fully appear from a careful consideration of the previous opinion rendered in this case, above referred to, together with our construction and application of the provisions of the state constitution herein.
*306 . Sections 1898 and 1815-12, General Code, in force during the period involved in this proceeding, provided specifically that the cost of support of any county’s inmates at the institution for feeble-minded youth should be charged against such county, and also prescribed the manner of making requisition upon the county therefor and the method of payment thereof. Is this section violative of Section 1, Article VII of the Constitution? It reads as follows: “Institutions for the benefit of the insane, blind, and deaf and dumb, shall always be fostered and supported by the state; and be subject to suoh general regulations as may be prescribed by the general assemby. ’ ’
It is contended by counsel for the defendants that this constitutional provision requires the state to support such institutions by taxation, and that the legislature can neither order nor authorize a county to levy a tax upon property of citizens residing in such cctunty to meet the expense, or any part of the expense, of supporting and maintaining the inmates of such state institution committed thereto from that county, and, that, because of such requirement, there is a clear conflict between the statute in question here and the constitutional provision above quoted. It is elementary that a statute must be sustained and enforced unless it is in clear and irreconcilable conflict with some express provision of the constitution; and, on the other hand, that if the constitutional provision and the legislative enactment are so clearly in conflict that they cannot both stand the statutory provision must of course fall.
As early as 1882 the constitutionality of a provision somewhat similar in character was challenged *307 in the case of State v. Kiesewetter, 37 Ohio St., 546. The statute then provided that persons admitted to the institutions therein named should be maintained at the expense of the state, except as to their clothing and their traveling and incidental expenses, which should be paid by themselves or those having them in charge, and provided further that in case of failure to pay such expenses or furnish the necessary clothing the same should be furnished by the institution and an account therefor forwarded to the auditor of the county from which such person was committed, who should pay the same out of the county funds and proceed to collect it. The county auditor of Franklin county refused to make payment for clothing furnished persons admitted to such institutions from that county, as provided by the statute then in force, and action in mandamus was instituted. The contention, that such provision of the statute was in conflict with Section 1, Article VII of the Constitution, was also made in that case. But the court held that such “provision of the constitution is not self executing, and that the mode in which such institutions are to be fostered and supported is left to the discretion of the general assembly.” It held that such “discretion has been exercised in the passage of the statute now under consideration,” and issued a peremptory writ of mandamus. The statutory provision involved in that case was substantially the same as present Sections 1815 and 18T6, General Code. Since the decision of that case, provisions have been enacted requiring persons liable for the support of one committed to such institution to pay a portion of the expenses of the maintenance of such person, but, in case of indigency, the *308 several counties are required to make payment for the maintenance of persons committed therefrom to such institution. If the requirement that individuals liable for the support of a person committed to such institution pay a portion of the expense of his maintenance, or that it be realized out of the property of such person himself, is not in conflict with the constitutional provision referred to, it is difficult to see how a requirement that in the event of indigency the county from which the patient is committed shall bear such expense is violative of such constitutional provision. The institution is fostered and supported by the state, notwithstanding the requirement that those able to support and liable for the support of a patient committed thereto be required to contribute to such expense, and that where such conditions do not obtain the county from which the patient is committed be required to do so.
It is also suggested that this law is in conflict with the provisions of Section 2, Article XII of the Ohio Constitution, the uniform-rule requirement as to taxation, and with Section 7, Article X, which provides that “The commissioners of counties, the trustees of townships, and similar boards, shall have such power of local taxation, for police purposes, as may be prescribed by law.” Reliance is placed upon the cases of Wasson v. Commissioners, 49 Ohio St., 622, being the Wayne county agricultural experiment station case, and State, ex rel. Frease, v. Commissioners, 54 Ohio St., 615, frequently referred to as the armory case. Not only do the decisions of this court in those cases not cover the questions' presented here, but the reasoning of the court in both of those cases would clearly exempt this statute from *309 the faults found to exist in the statutes there attacked. The Wasson case involved a statute which attempted to authorize any county of the state to raise money to secure the erection therein of an Ohio agricultural experiment station, a state institution, by a tax levied upon all property within the county, and it was held that the entire expense of the construction of a state institution cannot be entailed upon a single county, even though a majority of the electors at a special election approve, because the purpose is essentially a state purpose, and the court made the distinction that if “the object sought to be attained by the act in question were local in its nature and purpose * * * the tax complained of might be authorized by the general assembly,” but as the act then under review undertook to place the burden for the establishment of such state instituiton upon the taxable property of one county alone it conflicted with the uniform-rule requirement of Section 2, Article XII. Not only the decision, but the reasoning throughout, are entirely consistent with the holding that the requirement that a county, a subdivision of the state, shall assist in the maintenance of its own indigent citizens, even though they be imbecile, and because thereof committed to a state institution.
No charge is made against any county for the care and maintenance of any person committed to such institution from any other county, and in that respect the benefits conferred, and for which such payments are required, are entirely local in their character. Whatever tax levy may be necessary for such purpose would be uniform throughout the taxing district, and the power of the general assembly *310 to require the payment of such fund, and the consequent levying of a tax to provide it, is not prohibited or limited by the provisions of Section 7, Article X of the Ohio Constitution.
It follows that the demurrer to the second defense of the answer is overruled and that the writ of mandamus shall issue.

Writ allowed.

Marshall, C. J., Johnson, Hough, Wanamaker and Robinson, JJ., concur.